UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   CRIM. CASE NO. 93-50024-02

                Plaintiff,

v.   HONORABLE PAUL V. GADOLA
    U.S. DISTRICT JUDGE

DERRICK DESHAWN CARTER,

                Defendant.

_____/

## OPINION AND ORDER DENYING MOTION TO MODIFY SENTENCE

    Before the Court is Defendant's pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c), which argues that Amendment 581 to the United States Sentencing Guidelines, as well as the case of <u>United States v. Booker</u>, allows for a reduction of his sentence. For the reasons stated below, the Court will deny Defendant's motion.

    Congress has limited the circumstances in which a Court may modify a sentence. 18 U.S.C. § 3582(c). This section states that "[t]he Court <u>may not</u> modify a term of imprisonment once it has been imposed <u>except</u>" upon motion from the Director of the Bureau of Prisons or "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." <u>Id.</u> (emphasis added). In this case, there has not been a motion made

by the Director of the Bureau of Prisons. Therefore, the Court will determine whether Rule 35 or other statutes permit modification in this case. Rule 35 allows for a sentence reduction for clear error or based on a motion from the Government. Fed. R. Crim. P. 35. Defendant does not argue that the sentence imposed was a clear error. Fed. R. Crim. P. 35(a). Additionally, the Government has not made a motion for a reduction in sentence. Fed. R. Crim. P. 35(b). The Sixth Circuit has noted that "[o]nly two other statutory exceptions" exist that allow for sentence modification: upon the granting of habeas corpus relief or after remand from an appeal. United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001). Neither of those circumstances obtain in this case.

Defendant argues that Amendment 581 to the United States Sentencing Guidelines warrants a modification of his sentence. The Sixth Circuit has stated that "Under § 1B1.10 of the Sentencing Guidelines, certain listed amendments to the Guidelines are to be given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c)." Clemons v. United States, 102 Fed. Appx. 933, 935 (6th Cir. 2004). As Defendant admits on page 7 of his motion, Amendment 581 is not listed among the retroactive amendments under Section 1B1.10. Defendant instead argues that because the Amendment clarifies a

2

comment applied at his sentencing, it should be applied retroactively regardless.  The Sixth Circuit has advised:

> a clarifying amendment to the Sentencing Guidelines may be applied retroactively to reduce a defendant's sentence. See Jones v. United States, 161 F.3d 397, 402-03 (6th Cir. 1998), opinion amended and superseded in part by, Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999). However, since **[a defendant] cannot obtain this relief in a § 3582(c) motion, he must seek relief in a § 2255 motion.**

Id. (emphasis added).  Thus, relief may not be sought through the present motion under Section 3582(c), rather it must be sought through a motion to vacate sentence under Section 2255.  This Court makes no determination at this time regarding whether Amendment 581 is retroactive or whether Amendment 581 would apply to this case.  The Court simply holds that such relief is not warranted under Section 3582(c) and will deny Defendant's motion on this ground.

Similarly, there is no provision under 18 U.S.C. § 3582 that would warrant a modification of sentence based on the recent Supreme Court decision in United States v. Booker.  Accordingly, Defendant's motion on this ground is also denied.  Consequently, the Court will deny Defendant's motion because the Court lacks jurisdiction to grant the requested relief.  See 18 U.S.C. § 3582(b)-(c); United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001).

**ACCORDINGLY, IT IS HEREBY ORDERED** Defendant's motion to modify

```
his sentence [docket entry 140] is DENIED.

     SO ORDERED.


Dated:    May 4, 2005               s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE
```

---

Certificate of Service

I hereby certify that on ___May 5, 2005___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____Mark C. Jones_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Derrick Carter_____.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845

---