```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION
```

UNITED STATES OF AMERICA,               CRIM. CASE NO. 93-50024-02

                Plaintiff,

v.                                      HONORABLE PAUL V. GADOLA
                                        U.S. DISTRICT JUDGE

DERRICK DESHAWN CARTER,

                Defendant.

_____/

## OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Defendant's pro se motion for relief from the final judgment entered on September 10, 2001, which denied his motion to vacate sentence under 28 U.S.C. § 2255. Defendant brings this motion under Federal Rule of Civil Procedure 60(b), explicitly arguing that the motion should not be construed as a second successive motion to vacate sentence. See 'Rahman v. Bell, 392 F.3d 174 (6th Cir. 2004). The Court will therefore address the motion to the extent that the motion is brought properly under Federal Rule of Civil Procedure 60(b). For the reasons stated below, the Court will deny Defendant's motion because no relief is warranted under Rule 60(b).

Defendant claims that "the integrity of the underlying habeas proceeding has been seriously undermined." Mot. at 6. Defendant elaborates that his motion "contains factual allegations and legal

clarifications." Mot. at 8. Defendant then cites to all six subsections of Federal Rule of Civil Procedure 60(b) and "asks this Court to apply the appropriate subsection(s)." Id.

Defendant first argues that the judgment denying Defendant's motion to vacate his sentence was "rendered fundamentally unfair when the Court placed an improper and incorrect burden on Mr. Carter to prove his claim pertaining to the rejection of the government's second plea offer." Id. Defendant seems to argue that there has been a clarification in the law since the judgment was entered that should result in a different disposition of the case. The Sixth Circuit has suggested that "an unclear state of the law, which was later clarified" may be grounds for relief under Rule 60(b)(6). 'Rahman, 392 F.3d at 185. Thus, it would appear that subsection (6) of Rule 60(b), which allows for relief from judgment based on "any other reason justifying relief," is the applicable subsection for this motion. The Court has reviewed the cases cited by Defendant and concludes that the cases cited do not provide a clarification of the sort that would warrant relief from the judgment. See Griffin v. United States, 330 F.3d 733 (6th Cir. 2003); Smith v. United States, 348 F.3d 545 (6th Cir. 2003); Magana v. Hofbauer, 263 F.3d 542 (6th Cir. 2001).

Additionally, the Court concludes that a motion on such a ground was not brought in a reasonable amount of time since those

decisions were issued. 'Rahman, 392 F.3d at 185. Even Smith, the most recent decision cited by Defendant, was decided more than one year before Defendant filed this motion. Notably, the proposition that Defendant claims clarifies the law arises from Magana v. Hofbauer, cited above, which was decided on August 28, 2001, which was prior to the judgment that was entered in Defendant's case on September 10, 2001. Thus, the Court does not consider the motion on these grounds to have been brought in a reasonable time.

Next, Defendant claims that the judgment regarding the fifth claim in his motion to vacate sentence "rests on a defective foundation." Mot. at 11. Defendant again claims that subsequent decisions clarified the law and warrant relief under 60(b). In particular, Defendant cites to the recent Supreme Court decisions of United States v. Blakely and United States v. Booker. The Court does not consider such decisions to justify relief under Rule 60(b). Furthermore, the Sixth Circuit has concluded that "Booker's rule does not apply retroactively in collateral proceedings," and, a fortiori, the Court finds no reason to apply Booker in a Rule 60(b) context. Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005).

The Court therefore concludes that Defendant's motion does not warrant relief under Federal Rule of Civil Procedure 60(b).

**ACCORDINGLY, IT IS HEREBY ORDERED** Defendant's motion for

3

relief from judgment [docket entry 141] is **DENIED.**

**SO ORDERED.**


Dated: <u>May 10, 2005</u>                              <u>s/Paul V. Gadola</u>
                                                       HONORABLE PAUL V. GADOLA
                                                       UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on <u>May 11, 2005</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    <u>Mark Jones                                                        </u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  <u>Derrick Deshawn Carter, John B. Payne, Jr.                 </u>.


                                                       <u>s/Julia L. Delling                </u>
                                                       Julia L. Delling, Case Manager
                                                       (810) 341-7845